**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHANEL MITCHELL,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:18-cv-2544** |
| | § | |
| **UNITED AIRLINES, INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Chanel Mitchell ("Plaintiff") in the above-styled cause complaining of and about United Airlines, Inc. ("United" "Defendant") and for cause of action files this, her Plaintiff's Original Complaint, showing to the Court the following:

## I.     PARTIES

1.     Plaintiff CHANEL MITCHELL is an individual residing in Humble, Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2.     Defendant United Airlines, Inc. is a foreign for-profit corporation authorized to conduct business in the State of Texas.  Defendant may be served with process through its registered

agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## II.   JURISDICTION AND VENUE

3.      This suit arises under Title VII of the Civil Rights Act of 1964, as amended.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5, and 29 U.S.C. § 621, et seq.

4.      This suit also arises under the Family Medical Leave Act of 1993 ("FMLA"). This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 2601 et seq.

5.      Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent state claims arising under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §21.051, *et seq*., because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6.      Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 626, because this is the judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## III.   NATURE OF THE ACTION

7.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §2000e-2(a) and 2000e-3(a), to correct and recover for Defendant United's unlawful employment practices on the basis of Plaintiff's race (African American), sex (female), and in retaliation for complaining of discrimination.

8.      Additionally, this is an action brought pursuant to the Family Medical Leave Act

("FMLA"). This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 2601, 29 U.S.C. § 2611 to § 2619 to correct and recover for Defendant United's unlawful denial and interference of Plaintiff's medical leave.

9.      Plaintiff also brings a breach of contract claim under Texas common law.

## IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     On March 24, 2017, Plaintiff filed a charge of discrimination based on race, sex as well as retaliation with the U.S. Equal Employment Opportunity Commission; Charge No. 460-2017-02203. This charge was filed within 180 days of the last discriminatory act; Plaintiff was still employed by Defendant on the date of this initial filing.   Plaintiff then filed an Amended Complaint upon her termination in retaliation for filing her Charge of Discrimination on April 25, 2017.  A copy of the EEOC Charge and Amended Charge are attached hereto as Exhibit A. Subsequently, the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right Sue on April 24, 2018. A copy of the notice of the Right to Sue Notice is attached hereto as Exhibit B. Plaintiff files this lawsuit within ninety (90) days of receiving her Notice of Right to Sue. Therefore, Plaintiff's suit is filed timely.

## V.      FACTS

11.     Plaintiff is an African American woman. For over seven years, Plaintiff worked for Defendant without incident as a Senior Information Technology Specialist, IT Analyst and Business Analyst under the Cargo IT Team and Project Manager. During her tenure at United, she performed exceptionally well.

12.     On March 29, 2017, Plaintiff was terminated from United in retaliation for making

*Plaintiff's Original Complaint and Jury Demand*                                    *3*

internal complaints of discrimination. Since that time, and increasingly more after she filed her complaints, Plaintiff was harassed, belittled, given unwarranted disciplinary and subsequently terminated.

13.     Plaintiff began her tenure at United on August 10, 2010. She was an exemplary employee—performing her job duties without incident and often outperforming her co-workers. In fact, she was held solely responsible for the Project Manager duties and evaluated by management as a Project Manager but was never given the requisite pay or title change as was given her white male counterparts at the time of her promotion.

14.     For example, shortly after Plaintiff was "promoted", United promoted a white male employee, Jason Rios, to a similar L4 Manager position in the IT Department. Ironically, prior to Mr. Rios filling the position, the position was never posted nor was anyone else given the opportunity to apply for the position. Mr. Rios was promptly provided a pay increase and corresponding title change, to reflect his promotion. In stark contrast, Plaintiff, who was already operating in full Project Manager capacity, maintained the same pay and title. Similarly, Neil Moore (white male) was simply given the role of Project Manager. In fact, Dan Putz, Director of Cargo IT, explicitly created this position for Mr. Moore.

15.     Notably, On July 18, 2016, Plaintiff was advised that her "alleged" promotion to Project Manager was not a promotion at all—instead Human Resources claimed that it was a "developmental opportunity". But, Plaintiff's 2014 and 2015 performance reviews tell a different story. Specifically, Plaintiff's 2014 Performance Review unequivocally states, "[Ms. Mitchell] recently accepted a Project Manager position with Cargo IT team." Next, Plaintiff's 2015

Performance Review evaluated her as a Project Manager and states, "she is a new PM and still learning…" Plaintiff was working and being evaluated as a Project Manager while never being given the title change or pay increase—while white male employees were given the title and pay increase before ever working in the position. Clearly, there is a systematic bias and deference given to white male employees at United—to the detriment of black female employees, like Plaintiff.

16.     During Plaintiff's 2015 Performance Review, she was given a negative mark in a Key Performance Indicator by her Manager, Jason Rios, due to her protected FMLA leave. Specifically, Mr. Rios rated Plaintiff's Performance Review negatively in the "Deliver Results" category, although, there were no "results" or criteria available for Mr. Rios to base his comments because he had only recently started working with Plaintiff and none of the projects assigned to here were due to be complete at the time of the evaluation. However, this did not prevent Mr. Rios from giving Plaintiff a poor rating and stating, "Ms. Mitchell has not been able to deliver a completed project due to other circumstances". Mr. Rios later admitted his reference to "other circumstances" was made solely because <u>Plaintiff had taken medical leave</u>. To further highlight the animus, Mr. Rios further commented that Plaintiff did not understand the fundamentals of project management—even though Plaintiff has an active Project Management Professional Certificate and was actively working as a Project Manager at the time of the evaluation.

17.     Clearly, Mr. Rios' evaluation of Plaintiff was based on his own bias rather than Plaintff's performance. This same evaluation was subsequently used to demote Plaintiff and was the reason

why Plaintiff was not approved for a flex schedule despite her numerous requests for accommodation, as discussed in greater detail below.

18.     United was astutely aware that Plaintiff is currently the legal guardian of a special needs child. On January 4, 2017, Plaintiff sent an e-mail to her current managers, Stacey Brookner and Dan Putz, to inform them of her current Legal Guardian status, and requested a "flex work schedule" to care for the fifteen-month (15) old child.

19.     In response to the e-mail, Plaintiff was scheduled for a meeting with Human Resources on January 10, 2017 to discuss what she thought were her flex work options. At this meeting, Stacy Brookner, Dan Putz, and HR partners, Laura King and Jeanette Ortiz, were all present (either in-person or via telephone). Rather than address Plaintiff's "flex work options" to provide care for her disabled child, United, for the first time, brought up allegations that Plaintiff had "unreliable attendance and poor performance". Particularly, Plaintiff had never received any discipline for performance or attendance issues. But, instead of addressing options to accommodate the medical care of her special needs child, United decided to bring up unrelated allegations to avoid her request to accommodate her schedule.

20.     Subsequently, Plaintiff was demoted and "moved" to the Business Analyst position. Moreover, Plaintiff was instructed that she could not have "flex work", because the new role required her to come in the office everyday. However, in reality the Business Analyst position does not require you to be in office everyday. For example, Rodney Bilbo (also a Business Analyst on the same team as Plaintiff) flex works exclusively. He also reports to Jason Rios; thus, Mr. Rios was very aware that the Business Analyst role does not require the BA to be in

office every day. Stacey Brookner is also aware of Mr. Bilbo's schedule and knows that the role does not require for an employee to be in the office.

21.     Interestingly, the team consisted of seven (7) people including Plaintiff. A total of four (4) people were allowed to "flex work" on a permanent basis and the other employees, with the exclusion of Plaintiff, were allowed to work on a flex work schedule on an Ad Hoc basis. Moreover, Plaintiff was the only person who was placed on a set schedule of 7am – 3pm. Oddly enough, there were no set schedules in Plaintiff's department, except for hers. Plaintiff was treated differently than her co-workers in retaliation for taking FMLA leave and seeking a reasonable accommodation under United's policies.

22.     As another example of FMLA retaliation, Plaintiff was forced to work on projects that neither had stability nor organization. For instance, while assigned to the Web 2.0 project, Plaintiff alerted her management team that she would be going on FMLA leave. In response to Plaintiff's request for FMLA leave, management pushed up her expected completion dates to an unrealistic time frame—clearly, trying to set me up for further unwarranted disciplinary actions and possible termination.

23.     Plaintiff was essentially demoted when she was "moved" from her previous position as Project Manager to a Business Analyst. Moreover, Plaintiff was informed that she would receive training to assist with this transition, but it never happened.

24.     On December 2, 2016, Dan Putz, moved Plaintiff again in the organization. Importantly, at United Airlines everyone must apply for the positions they want. United does not move people into positions without applying, contrary to United's actions towards Plaintiff. Again, Plaintiff

was treated differently than other similarly situated employees, and United acted contrary to its own policies and procedures.

25.     On January 12, 2017, Plaintiff filed a formal complaint with United's Human Resources Department for race and gender discrimination as well as FMLA retaliation.

26.     On February 7, 2017, Plaintiff spoke to Laura King and Jeanette Ortiz (HR Reps) and was told that although Mr. Rios looks white he is a minority (not African American) and a minority "cannot discriminate against another minority." This nonsensical explanation was used by United to claim Plaintiff's claims of discrimination were unsubstantiated.

27.     On March 6, 2017, Plaintiff was told that she would have a Performance Review the next day. The next day, on March 7, 2017, Plaintiff had her performance review where she received, for the first time in her career at United, all negative ratings from Management. Notably, Plaintiff was not placed on a Performance Improvement Plan which is standard protocol at United.

28.     Instead, on March 29, 2017, only weeks after Plaintiff filed her formal complaint with Human Resources alleging race and gender discrimination and FMLA retaliation, she was terminated.

29.     Notably, United claimed that Plaintiff was terminated due to a "reduction in force"; however, United did not follow its normal policies and protocols with this alleged "reduction in force"; and Plaintiff was the only person in her position subject to the reduction in force.

## VI.   CAUSES OF ACTION

### A.  RACE DISCRIMINATION UNDER TITLE VII

30.     Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

31.     Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is African American.  See 42 U.S.C. § 2000e(b).

32.     Defendant is an employer within the meaning of Title VII.  See 42 U.S.C. § 2000e(b).

33.     Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her race (i.e. African American).

34.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

**B.     TCHRA RACE DISCRIMINATION**

34.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

35.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African American).

36.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 et seq.

**C.     GENDER DISCRIMINATION UNDER TITLE VII**

37.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

38.     Defendant intentionally engaged in unlawful employment practices against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

39.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's gender in violation of Title VII of the Civil Rights Act of 1964.

**D.     TCHRA GENDER DISCRIMINATION**

40.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

41.     Defendant intentionally engaged in sex discrimination by subjecting Plaintiff to a hostile work environment.

42.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's sex, in violation of the Texas Labor Code § 21.051 et seq.

**E.     TITLE VII RETALIATION**

43.     Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

44.     Defendant has retaliated against Plaintiff in violation of Title VII by terminating her after she made protected complaints of race and gender discrimination. 42 U.S.C. § 2000e-3(a).

## F.     TCHRA RETALIATION

45.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

46.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## G.     FMLA RETALIATION

47.     Plaintiff hereby incorporates by reference all of the allegations contained in the above-identified paragraphs as though fully set forth herein.

48.     Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed with Defendant for well over twelve (12) months and for at least one thousand two hundred fifty (1,250) hours of service during the preceding twelve (12) month period.

49.     Defendant is an employer within the meaning of the FMLA. Defendant is engaged in commerce or in an industry or activity affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year.

50.     Plaintiff was entitled to receive up to twelve (12) work weeks of leave.

51.     Defendant intentionally discriminated and retaliated against Plaintiff because she exercised her rights under the FMLA, including (but not limited to) unjustly reprimanding,

demoting and terminating Plaintiff's employment after Plaintiff took and later attempted to take FMLA leave.  Defendant's conduct was an intentional and willful violation of the FMLA.

52.      As a result, given Defendant's willful violation of the FMLA, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## H. BREACH OF CONTRACT

53.      Plaintiff also brings a breach of contract claim under Texas common law. Plaintiff will show that there is a valid, enforceable contract between Plaintiff and Defendants; that Plaintiff is a proper party to sue for breach of contract; that Plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; that Defendants breached the contract; and that Defendant's breach caused the Plaintiff injury.

## VII.    JURY DEMAND

54.      Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## VIII.   PRAYER

55.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

      a.      All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

      b.      Past, present, and future physical pain and mental suffering;

      c.      Compensatory damages, including, but not limited to, emotional distress;

      d.      Punitive damages in an amount above the minimum jurisdictional limits of the

Court;

e.     Reasonable attorneys' fees as allowed by law (with conditional awards in the event of appeal);

f.     Pre-judgment interest at the highest rate permitted by law;

g.     Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.     Costs of Court; and

i.     Such other and further relief, at law or in equity, to which Plaintiff may be entitled,

whether by this Original Complaint or by proper amendment thereto.

Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No. 713316
Yanice Colono-Pol
Texas Bar No. 24104276
Southern District No. 3136493
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Email: alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**